1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY DOWNS,                          No.  2:15-cv-0507 KJN P

12                  Plaintiff,

13        v.                                 ORDER

14   LORI BALLS, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

21   U.S.C. § 636(c).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

23   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4    § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6       Plaintiff claims that Lori Balls/Bolls, the designated appeals coordinator at High Desert

7   State Prison refuses to process plaintiff's reasonable modification or accommodation request

8   form, CDC 1824, which allegedly deprives plaintiff of his ability to obtain the assistance of

9   counsel at his upcoming parole hearing.  Further, plaintiff claims that defendant John Doe of the

10  Board of Prison Terms refuses to provide plaintiff with Board of Parole hearing forms known as

11  1073 and 1074,[1] which are used by disabled inmates in compliance with the Americans with

12  Disabilities Act ("ADA").  Plaintiff contends that the failure to process his request for

13  accommodation, as well as the failure to provide such parole forms, deprives him of a fair parole

14  hearing in violation of the ADA, and denies him access to the court, in violation of the First

15  Amendment, and violates his rights to due process and equal protection because his parole

16  hearing will have passed before relief can be granted.

17      Plaintiff fails to allege facts demonstrating that defendants violated plaintiff's equal

18  protection rights.  The Equal Protection Clause requires that persons who are similarly situated be

19

20  [1]  All of the forms referenced by plaintiff are available on the internet.  The BPH 1073 form is a
    "Notice and Request for Assistance at Parole Proceeding."  The BPH 1073 form provides for a
21  pre-interview review of the inmate's central file, and has mental health concerns listed as one of
    the identified disabilities, including the ability to circle the CCCMS level of care.  However, this
22  portion of the form is to be completed by prison staff only.  Id.  The BPH 1073 form also allows
    an inmate to self-identify when he needs help for the hearing.  At the parole hearing, the Board
23  should address the ADA to make sure plaintiff has no disabilities that require accommodation, at
    which time plaintiff may ask for assistance.  Moreover, plaintiff's prison counselor may be of
24  assistance.
25      The BPH 1074 form is entitled "Request for Reasonable Accommodation -- Grievance
    Process," which states that "you have been given a state attorney to help you in preparation for
26  and during your hearing.  Fill out this form only if you did not get the other kinds of help for your
    disability that you asked for on your BPH Form 1073 or if new problems came up.  You can ask
27  your attorney or staff for help in filling out this form."  Id.  Thus, it appears plaintiff needs this
    form only if he was not provided the assistance requested in BPH form 1073.
28

1   treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A

2   plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally

3   discriminated against on the basis of the plaintiff's membership in a protected class.  See, e.g.,

4   Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal

5   protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's

6   membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167

7   (9th Cir. 2005).

8          If the action in question does not involve a suspect classification, a plaintiff may establish

9   an equal protection claim by showing that similarly situated individuals were intentionally treated

10  differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook

11  v. Olech, 528 U.S. 562, 564 (2000).  To state an equal protection claim under this theory, a

12  plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff

13  was intentionally treated differently from others similarly situated; and (3) there is no rational

14  basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.  Plaintiff alleges

15  no facts to support an equal protection claim.

16         With regard to plaintiff's access to the court claim, plaintiff fails to state a cognizable civil

17  rights claim.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,

18  518 U.S. 343, 350 (1996).  To establish a claim for any violation of the right of access to the

19  courts, the prisoner must prove that the actions of the prison official caused him an actual injury.

20  See id. at 350-55.  Only if an actual injury is alleged does a plaintiff state a claim for which relief

21  can be granted.  See, e.g., Jenkins v. McMickens, 618 F.Supp. 1472, 1474-75 (S.D. N.Y.1985)

22  (complaint alleging certain documents pertaining to pending trial confiscated and not returned

23  was too conclusory to support claim of denial of access to court).  Here, plaintiff fails to allege

24  facts demonstrating an actual injury to his access to the court.  The alleged failure of defendant

25  Balls to process plaintiff's form CDCR 1824 did not result in a denial of access to the courts

26  because plaintiff did not suffer any actual injury as a result of the alleged misconduct.

27         Moreover, plaintiff's claims are speculative and conclusory.  Because plaintiff does not

28  state that he has actually been denied parole eligibility because of his inability to have assistance

1    at the hearing, or to have the forms sought, it is questionable whether he currently has standing to

2    raise this claim.  Standing is present only when (1) a plaintiff suffers an "actual or imminent"

3    injury, (2) there is a "causal connection between the injury and the conduct complained of," and

4    (3) that injury will likely be "redressed by a favorable decision."  Lujan v. Defenders of Wildlife,

5    504 U.S. 555, 560-61 (1992).  Standing will not be found where speculative inferences are

6    necessary to establish either injury or the connection between the alleged injury and the act

7    challenged.  Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 45 (1976);

8    see also Johnson v. Weinberger, 851 F.2d 233 (9th Cir. 1988).  Such is the case here.

9          Because the parole hearing has not yet taken place, plaintiff cannot demonstrate that the

10   Board failed to provide plaintiff the assistance he requires at the hearing.  Plaintiff confirms that

11   he is currently being treated at the CCCMS level of care in the CDCR mental health program, and

12   such information should be available to the Board at the parole hearing.  It is unclear from the

13   complaint that the Board requires form CDCR 1824 in order for plaintiff to obtain assistance at

14   the parole hearing, and the form CDCR 1824 does not reference its use at a parole hearing, as the

15   BPH form 1073 does.  Moreover, it is unclear from plaintiff's allegations or from BPH Forms

16   1073 and 1074 whether plaintiff's request for assistance at the parole hearing would be denied

17   based on an alleged failure to complete such forms prior to the hearing.

18         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

19   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

20   court has determined that the complaint does not contain a short and plain statement as required

21   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

22   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

23   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

24   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

25   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

26   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

27         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

1  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

2  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

3  some affirmative link or connection between a defendant's actions and the claimed deprivation.

4  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

5  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

6  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This requirement exists

10  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

19  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20  Director of the California Department of Corrections and Rehabilitation filed concurrently

21  herewith.

22        3.  Plaintiff's complaint is dismissed.

23        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

24  Notice of Amendment and submit the following documents to the court:

25            a.  The completed Notice of Amendment; and

26            b.  An original and one copy of the Amended Complaint.

27  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

28  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2  Failure to file an amended complaint in accordance with this order may result in the dismissal of

3  this action.

4  Dated:  April 22, 2015

5

6  /down0507.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                                      UNITED STATES DISTRICT COURT

9                                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY DOWNS,                                No.  2:15-cv-0507 KJN P

12                    Plaintiff,

13          v.                                       NOTICE OF AMENDMENT

14    LORI BALLS, et al.,

15                    Defendants.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                        _____      Amended Complaint
      DATED:
20

21                                           _____

22                                           Plaintiff

23

24

25

26

27

28