1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GREGORY DOWNS,                            No.  2:15-cv-0507 KJN P

12                 Plaintiff,

13       v.                                   ORDER

14  LORI BALLS, et al.,

15                 Defendants.

16

17       Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. §

18  1983.  On August 3, 2015, plaintiff filed a 117 page document in which he seeks appointment of

19  counsel to prepare an amended complaint, claims he is "exercising res judicata and collateral

20  estoppel against the defendants,"  references preliminary injunctive relief or a protective order,

21  and claims he is entitled to a stay of this action pending resolution of unidentified criminal issues.

22  As set forth below, plaintiff's requests are denied, but plaintiff is granted an extension of time to

23  file an amended complaint.

24       First, in an effort to ascertain the nature of plaintiff's claims, the court reviewed plaintiff's

25  original complaint.  In the original complaint, plaintiff alleged that certain individuals were

26  denying him the forms necessary to obtain counsel at his upcoming parole hearing, and to

27  confirm that his rights under the Americans with Disabilities Act ("ADA") would be protected at

28  such a hearing.  With the pending request, plaintiff provided a partial copy of the transcript from

1    his April 1, 2015 parole hearing, which confirms that plaintiff had benefit of counsel at the parole

2    hearing, and the Board had benefit of plaintiff's 1073 Form, as well as information in the

3    computer concerning plaintiff's disabilities under the ADA.  (ECF No. 14 at 15-17.)  Thus, absent

4    additional factual allegations provided by plaintiff, the court is unable to discern, absent his

5    amended complaint, the current nature of plaintiff's allegations.

6         Second, plaintiff references a preliminary injunction and discusses the elements a litigant

7    must prove in order to obtain one.  (ECF No. 14 at 3-4.)  However, plaintiff provides no factual

8    allegations to support such elements; indeed, it is unclear what plaintiff would like the court to

9    enjoin.  To the extent plaintiff seeks injunctive relief, his request is wholly without factual support

10   and is denied.

11        Third, district courts lack authority to require counsel to represent indigent prisoners in

12   section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

13   exceptional circumstances, the court may request an attorney to voluntarily represent such a

14   plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

15   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether

16   "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the

17   merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity

18   of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court

19   did not abuse discretion in declining to appoint counsel).  The burden of demonstrating

20   exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such

21   as lack of legal education and limited law library access, do not establish exceptional

22   circumstances that warrant a request for voluntary assistance of counsel.

23        Having considered the factors under Palmer, the court finds that plaintiff has failed to

24   meet his burden of demonstrating exceptional circumstances warranting the appointment of

25   counsel at this time.

26        Fourth, plaintiff discusses the duty to disclose evidence favorable to the criminally

27   accused under Brady v. Maryland, 373 U.S. 83, 87 (1963), and states that on April 1, 2015, the

28   Sacramento Deputy District Attorney conceded that procedural due process was violated "since

November 15, 1993," and that plaintiff's "Brady violation was ongoing." (ECF No. 14 at 7.) However, the undersigned has reviewed the partial transcript from the April 1, 2015 parole hearing, and found no such comment by the deputy district attorney. (ECF No. 14 at 15-22.) To the extent plaintiff seeks to challenge his underlying conviction, plaintiff must raise such challenge through a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]

Fifth, because plaintiff has not yet filed an amended complaint, the court cannot determine whether a stay of this action is appropriate. Plaintiff fails to identify what criminal issues would require a stay of any such claims in this court. Plaintiff's 1994 conviction has long been final, and plaintiff identifies no new criminal charges pending against him. Indeed, the instant motion is devoid of factual allegations identifying what claims plaintiff seeks to pursue in this court. Rather, plaintiff provides numerous citations to statutes and cases. Plaintiff is advised that he need not cite legal authority in his amended complaint. Rather, plaintiff must set forth facts demonstrating his rights under the Constitution have been violated. In addition, plaintiff must have first exhausted his administrative remedies as to any such claims. Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Good cause appearing, plaintiff is granted one final extension of time in which to file an amended complaint. Failure to timely file an amended complaint will result in the dismissal of this action. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action.

---

[1] Plaintiff previously challenged his 1994 conviction in Case No. CIV S-97-0922 FCD PAN P. Thus, before he can proceed with another habeas petition challenging the same conviction, plaintiff must file a motion in the United States Court of Appeals for the Ninth Circuit asking for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

If plaintiff wishes to challenge a specific parole decision, a § 1983 action is not the proper vehicle to challenge the Board's procedures and/or decision. Under Swarthout v. Cooke, 562 U.S. 216, 218-19 (2011) (per curiam), the only federal due process to which plaintiff is entitled in connection with a parole decision by the Board of Parole Hearings is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). If plaintiff wishes to challenge the Board's denial of parole by arguing that the basic requirements of due process under Swarthout were not met, the proper vehicle for such a challenge is a petition for writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 3, 2015 motion (ECF No. 14) is denied in its entirety without prejudice;

2. Plaintiff is granted thirty days in which to file an amended complaint; and

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint under 42 U.S.C. § 1983 by a state prisoner.

Dated:  August 10, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

down0507.31+

4