UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>    Plaintiff,<br><br>    v.<br><br>LORI BALLS, ET AL.,<br><br>    Defendants. | No.  2:15-cv-0507 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  On April 22, 2015, plaintiff's complaint was dismissed, and plaintiff was granted thirty days in which to file an amended complaint.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  On May 22, 2015, and June 30, 2015, plaintiff was granted extensions of time in which to amend.  Subsequently, plaintiff filed a motion, rather than an amended complaint, which was denied on August 11, 2015.  Plaintiff was given one final opportunity in which to file an amended complaint.  Plaintiff filed an objection, which was signed on September 9, 2015, and which the court construes as a request for reconsideration of the August 11, 2015 order.

Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties."  Id.  Under this rule, the request for reconsideration was due on or before August 25, 2015.  Thus, plaintiff's September 9, 2015 request is untimely and is denied.

On September 17, 2015, plaintiff filed a document entitled "Request for Order." (ECF No. 17.) In this request, plaintiff appears to contend that the Board of Prison Hearings and the lawyers appointed to represent handicapped inmates are violating the order and stipulation entered in the Armstrong v. Davis class action addressing inmates whose rights under the Americans with Disabilities Act ("ADA") were allegedly violated. (ECF No. 17.) To the extent plaintiff challenges the systemic provision of ADA protections pursuant to the Armstrong class action, he must do so through the class representative, class counsel, or special master in the class action, and not in his own, separate case. Cf. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) (holding individual suits for injunctive and equitable relief cannot be brought where class action pending); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action."). If plaintiff seeks to challenge the violation of Armstrong in connection with his own parole hearing, plaintiff must include such challenge in his amended complaint, specifically identifying the date of the parole hearing at issue, and describing how his rights under Armstrong and the ADA were violated. Thus, plaintiff's request for order is denied.

In an abundance of caution, plaintiff is granted one last opportunity to file an amended complaint on the form provided by the Clerk of the Court, and that complies with this court's April 22, 2015 order. Failure to timely comply with this order will result in the dismissal of this action.

IT IS HEREBY ORDERED that:

1. Plaintiff's objection (ECF No. 16), construed as a request for reconsideration of the court's August 11, 2015 order, is denied as untimely;

2. Plaintiff's request for order (ECF No. 17) is denied;

3. Plaintiff is granted twenty-one days from the date of this order in which to file an amended complaint on the form provided; and

////

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: September 23, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/down0507.851