1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY DOWNS,                              No.  2:15-cv-0507 KJN P

12              Plaintiff,

13        v.                                     ORDER

14   LORI BALLS, et al.,

15              Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding without counsel.  He consented to proceed before

19   the undersigned for all purposes.  See 28 U.S.C. § 636(c).  As set forth below, plaintiff's

20   November 12, 2015 objections, construed as a request for reconsideration, is granted, but upon

21   reconsideration, the October 28, 2015 order is affirmed; and his November 23, 2015 objections,

22   construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil

23   Procedure is denied.

24   II.  Background

25        On April 22, 2015, in an eight page screening order, the court reviewed plaintiff's claims,

26   found he failed to state cognizable civil rights claims, and provided him instructions on how to

27   amend his complaint.  (ECF No. 7.)  Subsequently, plaintiff was granted four separate

28   opportunities over a six month period in which to file an amended complaint.  (ECF Nos. 11, 13,

1   15, 18.)  Pursuant to the last order, issued September 23, 2015, plaintiff's amended complaint was

2   due on or before October 14, 2015.  (ECF No. 18.)

3          On October 19, 2015, plaintiff filed a motion to disqualify the undersigned (ECF No. 20),

4   which was denied on October 28, 2015 (ECF No. 21).

5          Plaintiff did not file an amended complaint, and on November 4, 2015, this action was

6   dismissed without prejudice.

7          On November 12, 2015, plaintiff filed objections to the October 28, 2015 order denying

8   plaintiff's motion for disqualification of the undersigned.  (ECF No. 24.)  On November 23, 2015,

9   plaintiff filed a document styled, "Objection to Dismissal file Date 11/7/15."  (ECF No. 25.)

10         On December 10, 2015, plaintiff filed a notice of appeal.  On March 7, 2016, the Court of

11  Appeals for the Ninth Circuit held the appeal in abeyance pending the district court's ruling on

12  whether the November 23, 2015 filing is a motion listed in Federal Rule of Appellate Procedure

13  4(a)(4).

14         The court construes plaintiff's November 12, 2015 objections as a request for

15  reconsideration of the October 28, 2015 order, and construes plaintiff's November 23, 2015 filing

16  as a motion for relief from judgment.  Fed. R. Civ. P. 60(b).

17  III.  Motion for Reconsideration

18         In his November 12, 2015 objections, plaintiff claims he never stated he notified the

19  appellate court that the undersigned should be disqualified, mentions that a judge in the Northern

20  District of California issued a stipulation and order in Armstrong v. Davis, No. C94-2307CW

21  (N.D. Cal. Aug. 4, 2000), and objects that the undersigned "didn't cite one case law pertaining to

22  ADA, let alone any case law."  (ECF No. 24 at 1.)  Plaintiff specifically objects that the

23  undersigned failed to cite to any "legitimate case law from the Ninth Circuit or U.S. Supreme

24  Court that pertains [to Americans with Disabilities Act ("ADA")] and California Board of Prison

25  Terms stipulation and order."  (ECF No. 24 at 2.)  In his November 23 filing, plaintiff again

26  objects that the court did not "cite any case law" in denying his motion for disqualification.

27              "[A] motion for reconsideration should not be granted, absent
            highly unusual circumstances, unless the district court is presented
28          with newly discovered evidence, committed clear error, or if there

2

is an intervening change in the controlling law." 389 Orange St.
Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  A motion
for reconsideration "may not be used to raise arguments or present
evidence for the first time when they could reasonably have been
raised earlier in the litigation." Kona Enters., Inc. v. Estate of
Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

"A party seeking reconsideration must show more than a disagreement with the Court's decision,

and recapitulation" of that which was already considered by the Court in rendering its decision.

United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Courts

construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a

judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful

party to "rehash" arguments previously presented, or to present "contentions which might have

been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009

(C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v.

National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings

"reflect[] district courts' concerns for preserving dwindling resources and promoting judicial

efficiency."  Costello, 765 F.Supp. at 1009.  Additionally, pursuant to this Court's Local Rules,

when filing a motion for reconsideration, a party must show what "new or different facts or

circumstances claimed to exist which did not exist or were not shown upon such prior motion, or

what other grounds exist for the motion."  Local Rule 230(j).

Previous adverse rulings are substantively insufficient to support recusal. See Liteky v.

United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid

basis for a bias or partiality motion"); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999)

(allegations stemming entirely from a district judge's adverse rulings do not provide an adequate

basis for recusal).  The proper mechanism by which to challenge an adverse ruling is an appeal,

not recusal, Liteky, 510 U.S. at 555, as plaintiff pursued in the instant case.  Moreover, the denial

of plaintiff's motion for disqualification was based on 28 U.S.C. § 455.  No citation to the ADA

or other legal authority was required.  Plaintiff presents no new facts, highly unusual

circumstances, or evidence demonstrating that the undersigned should be disqualified.

3

1    For all of the above reasons, the October 28, 2015 order is affirmed.

2  IV. Rule 60(b)

3    Rule 60(b) provides as follows:

4    **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

    In his November 23 filing, plaintiff states that he objects to dismissal of the action on October 28, 2015, and claims the undersigned issued an order plaintiff did not receive until November 6, 2015.  Plaintiff claims that he filed an objection that was not addressed by the court, and therefore is "filing an objection to dismissal of this action."  (ECF No. 25.)

    While not entirely clear, it appears that plaintiff objects that he did not receive the order denying his motion for disqualification prior to the order dismissing this action.  Plaintiff claims under penalty of perjury that he did not receive the October 28, 2015 order until November **6**, 2015.  (ECF No. 25.)  However, review of plaintiff's objections to the October 28, 2015 order reflects that plaintiff signed his three page, typewritten filing on November **5**, 2015, also under

4

penalty of perjury.  (ECF No. 24 at 2.)  In addition, his proof of service states that he served the document on November **5**, 2015.  (ECF. No. 24 at 3.)

Moreover, plaintiff's objections to the dismissal of this action provide no facts, circumstances, or evidence to support an order vacating the judgment.  Plaintiff fails to allege mistake, inadvertence, surprise, or excusable neglect, or any other facts demonstrating that relief under Rule 60(b) is appropriate.  Plaintiff's motion for relief from judgment is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 12, 2015 objections (ECF No. 24), are construed as a request for reconsideration, and the request is granted;

2.  Upon reconsideration, the October 28, 2015 order (ECF No. 21) is affirmed; and

3.  Plaintiff's November 23, 2015 objections (ECF No. 25), construed as a motion for relief from judgment (ECF No. 23), is denied.

Dated:  April 5, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

down0507.60b